EDWARD T. JONES, Respondent, v. LEO SCHUMER, Appellant, et al., Defendant.— In an action to recover damages for personal injury, based on alleged malpractice, the defendant Schumer appeals from an order of the Supreme Court, Kings County, dated June 12, 1963, which granted plaintiff's motion for a preference in trial under the former Rules of Civil Practice (rule 151, subd. 3) and placed the case on the Ready Calendar for trial on a specific date. Order reversed, without costs, and motion denied, without prejudice to renewal on proper papers *alleging facts* showing that plaintiff is financially destitute or otherwise entitled to a preference in trial pursuant to statute (CPLR, 3403, subd. [a], par 3). In our opinion, the present record fails to disclose factually that the plaintiff's financial circumstances at the time of the making of the motion were such as to entitle him to a preference in trial under the rules governing preferences (*O'Callaghan* v. *Brawley*, 276 App. Div. 908; *Weinstein* v. *Levy*, 18 A D 2d 398; CPLR, 3403, subd. [a], par. 3; former Rules Civ. Prac., rule 151, subd. 3). [For related appeals, see *Jones* v. *Schumer*, 20 A D 2d 649; 20 A D 2d 650.] Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

 EDWARD T. JONES, Respondent, v. LEO SCHUMER, Appellant, et al., Defendant.— In an action to recover damages for personal injury, based on alleged malpractice, in which a prior court order (dated Oct. 13, 1961) precluded plaintiff from giving certain evidence at the trial unless he served a supplemental bill of particulars as to items 5, 6, 7 and 11 of the defendant Schumer's demand therefor, said defendant appeals from so much of an order of the Supreme Court, Kings County, dated September 10, 1963, disposing of his motion to stay the trial and to preclude plaintiff from giving evidence with respect to said items because of the failure of the plaintiff's first supplemental bill to comply with the prior order, as: (a) granted the stay up to a specified date; (b) denied preclusion with respect to items 5 and 11; and (c) granted preclusion with respect to a portion only of item 7, unless plaintiff shall serve a further (or second) supplemental bill with respect to such portion. Order modified: (a) by amending its first decretal paragraph denying the motion with respect to items 5 and 11 of the demand, so as to limit such denial solely to item 11; (b) by adding an additional decretal paragraph granting the defendant Schumer's motion to preclude with respect to item 5 of the demand, unless plaintiff shall furnish a further (or third) supplemental bill of particulars: (1) stating the medical diagnosis referred to in subparagraph " (1) " of the first decretal paragraph contained in the prior court order of October 13, 1961; or (2) stating unequivocally that he has no present knowledge of such medical diagnosis; or (3) stipulating that upon the trial he will not offer proof relative to such medical diagnosis; (c) by striking out the third and fourth decretal paragraphs granting in part the motion for a stay; and (d) by substituting therefor a paragraph denying *in toto* the motion for a stay. As so modified, the order, insofar as appealed from, is affirmed, without costs. The further (or third) supplemental bill of particulars with respect to item 5 shall be served within 20 days after entry of the order hereon or within such time as the parties may mutually

stipulate in writing. In his first supplemental bill of particulars, plaintiff stated with respect to item 5 that he "had no knowledge of the medical diagnosis of the low back pain prior to consulting" the defendant Schumer. Such statement is equivocal in that it fails to set forth whether or not plaintiff received any medical diagnosis for the low back pain and particularly whether or not he obtained a medical opinion after he had consulted said defendant. He should set forth clearly this aspect of the case or relinquish the right to proffer proof at the trial with respect thereto. That portion of the order appealed from which relates to the granting of a stay necessarily falls as a result of our disposition in a related appeal (*Jones* v. *Schumer*, 20 A D 2d 650), wherein we reversed an order granting plaintiff a preference in trial and denied his motion for such relief. [For a second related appeal, see *Jones* v. *Schumer*, 20 A D 2d 649.] Ughetta, Acting P. J., Christ, Brennan and Hopkins, JJ., concur; Hill, J., concurs except as to item 5 of the defendant Schumer's demand; and, as to such item, he dissents and votes to deny the motion to preclude on the ground that the plaintiff's response to such item constitutes a sufficient compliance with the terms of the court's prior order of conditional preclusion.